[Cite as *State v. Ranieri*, 2026-Ohio-3013.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :         CASE NO. 25CA4157

    v.                                  :

NICHOLAS RANIERI,                       :         DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES

Christopher Bazely, Cincinnati, Ohio, for appellant[1].

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay
Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for
appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:7-29-26
ABELE, J.

{¶1} This is an appeal from a Scioto County Common Pleas
Court judgment of conviction and sentence. Nicholas Ranieri,
defendant below and appellant herein, raises the following
assignment of error for review:

> "THE TRIAL COURT VIOLATED RANIERI'S
> STATUTORY AND CONSTITUTIONAL RIGHTS TO A
> SPEEDY TRIAL."

---

[1] Different counsel represented appellant during the trial court proceedings.

{¶2} The present appeal concerns appellant's right to a speedy trial. In April 2024, a Scioto County Grand Jury returned an indictment that charged appellant with (1) one count of rape of a child under 13 in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, (2) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (3) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, and (4) one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a fourth-degree felony. Appellant's arrest occurred on February 26, 2024. Appellant pleaded not guilty.

{¶3} Subsequently, appellant filed a motion to continue the trial. On May 16, 2024, the trial court granted the motion to continue and scheduled the matter for an August 12, 2024 jury trial. On August 6, 2024, appellant filed a second motion to continue the trial. On August 19, 2024, the court granted the motion to continue and rescheduled the matter for September 30, 2024.

{¶4} On August 30, 2024, a Scioto County Grand Jury returned a superseding indictment that charged appellant with (1) one count of rape of a child under 13 in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, (2) one count of

pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (3) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (4) one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a fourth-degree felony, (5) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (6) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (7) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (8) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (9) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (10) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (11) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree

felony, (12) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (13) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (14) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (15) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (16) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (17) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (18) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (19) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (20) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (21) one count of pandering sexually-oriented matter involving a minor or impaired

person in violation of R.C. 2907.322(A)(1), a second-degree felony, (22) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A0(5), a fourth-degree felony, (23) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (24) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (25) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (26) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (27) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (28) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (29) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (30) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (31) one count of

pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (32) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (33) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (34) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (35) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (36) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (37) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (38) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (39) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (40) one count of illegal use of a minor or impaired person in nudity-oriented

material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (41) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (42) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (43) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (44) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (45) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (46) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (47) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (48) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth degree felony, (49) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a

fifth-degree felony, (50) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (51) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (52) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (53) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (54) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (55) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (56) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (57) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(1), a second-degree felony, (58) one count of pandering sexually-oriented matter involving a minor or impaired person in violation of R.C. 2907.322(A)(5), a fourth-degree felony, (59) one count of pandering sexually-oriented matter

involving a minor or impaired person in violation of R.C. 2907.322(A)(6), a second-degree felony, (60) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, (61) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323 (A)(3), a fifth-degree felony, (62) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony, and (63) one count of illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony.  Appellant pleaded not guilty.

{¶5}  On September 16, 2024, appellant filed a motion for competency evaluation.  The trial court granted the request on October 8, 2024.

{¶6}  On November 19, 2024, appellant filed (1) a pro se "request for dismissal and release from incarceration pursuant to speedy trial," (2) a pro se "request to dismiss 61 counts pursuant to speedy trial violation," and (3) a pro se request to terminate appointed counsel.  On December 3, 2024, the trial court issued an entry and stated in part:

> This Court finds the defendant, Nicholas Ranieri, is represented by counsel and this Court does not accept filings from a defendant who has an attorney

representing him/her. This Court will not allow hybrid representation and a copy of this entry and request will be forwarded to the defendant's attorney, R. Shawn Stratton.

**{¶7}** On December 12, 2024, appellant filed a motion to continue the competency hearing due to a scheduling conflict. On December 20, 2024, the trial court granted the continuance and rescheduled the competency hearing for January 30, 2025. On January 7, 2025, counsel filed a motion to withdraw as counsel and advised the court that appellant wished to represent himself.

**{¶8}** After the January 30, 2025 competency hearing, the trial court concluded that appellant "is presently competent to stand trial," and further found that appellant "does not meet the criteria for Not Guilty by Reason of Insanity plea."

**{¶9}** On February 25, 2025, appellant waived his right to representation, and the trial court appointed standby counsel. In addition, appellant signed a R.C. 2945.71 speedy trial time waiver.

**{¶10}** On March 24, 2025, appellant filed (1) a motion to order release and inspection of Children's Services records regarding victim B.H, (2) a motion to compel a specific bill of particulars, and (3) a motion for a forensic evaluation of B.H. The trial court overruled these motions on August 13, 2025. On

September 8, 2025, appellant filed a motion to sever counts 5 through 63 of the August 30, 2025 superseding indictment.

{¶11} On October 10, 2025, the trial court held a change of plea/sentencing hearing.  At the hearing, standby counsel informed the court that appellant wished to discontinue their relationship.  When questioned, counsel explained that appellant became upset when counsel refused to file several frivolous motions regarding speedy trial and suppression.  The court denied appellant's request and, after some discussion, appellant entered a no contest plea to 3 counts of second-degree R.C. 2907.322(A)(1) pandering (Counts 5, 21, and 25).  The joint sentencing recommendation included a 5-year sentence on each count, for an aggregate sentence of 15-17 ½ years, and credit for 593 days served.

{¶12} The trial court conducted a Crim.R. 11 colloquy and advised appellant of his rights and the effects of his decision to plead no-contest, reviewed the signed plea form and jury waiver, reviewed the facts and charges, and asked appellant if any drugs, alcohol, or mind-altering substances influenced him. The court advised and reviewed with appellant the constitutional rights he waived with his plea, including (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require appellee to prove guilt beyond a reasonable doubt,

and (5) the privilege against compulsory self-incrimination. The court also explained the maximum penalties, postrelease control, and Tier II sex offender registration and notification requirements. Appellant expressed his understanding and agreement at each stage of the plea colloquy and affirmed his execution of the written plea form. In addition, "for the purposes of this [proceeding]," the court verified that appellant discussed the plea with his counsel and appellant acknowledged his satisfaction with counsel. Thus, appellant entered a no-contest plea to Counts 5, 21, and 25.

{¶13} During the sentencing portion of the hearing, the trial court stated that consecutive sentences are necessary to protect the public and to punish the offender, are not disproportionate to the conduct or the danger that appellant posed, and that the harm was so great or unusual that no single term would reflect the seriousness of the conduct. The trial court then sentenced appellant to (1) serve a 5 to 7 ½ year prison term on Count 5, (2) serve a 5-year prison term on Count 21, (3) serve a 5-year prison term on Count 25, with each sentence to be served consecutively to each other for a total intended sentence of 15-17 ½ years, (4) serve a mandatory 5-year postrelease control term, (5) register as a Tier II sex offender, and (6) pay costs. The court specified that all other

counts not specifically resolved in this entry are hereby dismissed.  This appeal followed.

I.

{¶14} In his sole assignment of error, appellant asserts that the trial court violated his statutory and constitutional rights to a speedy trial.  Specifically, appellant contends that the trial court violated his speedy trial rights by allowing the case to remain pending for 593 days between his arrest and the entry of his plea.

{¶15} Criminal defendants are guaranteed the right to a speedy trial under the Ohio and United States Constitutions. Sixth Amendment to the U.S. Constitution (an "accused shall enjoy the right to a speedy and public trial"); Ohio Constitution, Article I, Section 10 (an accused has the right to "a speedy public trial by an impartial jury").  The speedy-trial guarantee "minimize[s] the possibility of lengthy incarceration prior to trial," "reduce[s] the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail," and "shorten[s] the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982); *accord State v. Triplett*, 78 Ohio St.3d 566, 568 (1997).

{¶16} Ohio's speedy-trial provisions, R.C. 2945.71 to 2945.73, "constitute a rational effort to enforce the

constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor." *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus; *accord State v. Martin*, 2019-Ohio-2010, ¶ 15; *see Barker v. Wingo*, 407 U.S. 514, 523 (1972) (states "are free to prescribe a reasonable period consistent with constitutional standards"). To that end, R.C. 2945.71 designates specific time requirements for the State to try an accused. *State v. Hughes*, 86 Ohio St.3d 424, 425 (1999).

**{¶17}** In general, courts must "strictly construe the speedy trial statutes against the [S]tate," *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996), and must "strictly enforce the legislative mandates evident in these statutes." *Pachay*, 64 Ohio St.2d at 221; *e.g.*, *State v. Parker*, 2007-Ohio-1534, ¶ 15. Consequently, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute." *State v. Ramey*, 2012-Ohio-2904, ¶ 14. If an accused is not brought to trial within the time limits set forth in the speedy-trial statutes, and if an exception does not apply, R.C. 2945.73(B) requires the court, upon motion at or before trial, to discharge the accused. "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we

review the application of the law to those facts de novo."
*State v. Long*, 2020-Ohio-5363, ¶ 15; *accord State v. Smith*,
2023-Ohio-1504, ¶ 13 (4th Dist.).

{¶18}    Relevant in the case at bar, R.C. 2945.71(C)(2)
requires a person accused of a felony to be brought to trial
within 270 days of the individual's arrest.  "When computing how
much time has run against [the State] under R.C. 2945.71, we
begin with the day after the date [the defendant] was arrested."
*State v. Davis*, 2013-Ohio-5311, ¶ 21 (4th Dist.), citing R.C.
1.14 and Crim.R. 45(A).  Also, when calculating speedy-trial
time, courts ordinarily count " 'each day during which the
accused is held in jail in lieu of bail on the pending charge
... as three days.' "  *Ramey*, 2012-Ohio-2904, at ¶ 15, quoting
R.C. 2945.71(E).

{¶19} However, R.C. 2945.72 specifies the circumstances
under which the 270-day speedy trial period may be extended.
Relevant here, the period of any reasonable continuance that the
accused requests will extend the 270-day time period.  *Smith*,
*supra,* 2023-Ohio-1504 at ¶ 17.  Moreover, a defendant may waive
their speedy trial rights pursuant to R.C. 2945.71.

{¶20} In the case sub judice, appellant's arrest occurred on
February 26, 2024.  Appellant filed his first motion to continue
on May 15, 2024.  Therefore, as of May 14, 2024, 79 days had
elapsed and, under the triple-count provision, that amounted to

237 days.  The first continuance tolled the speedy trial clock until August 12, 2024 (90 days).  On August 6, 2024, appellant filed his second motion to continue, which tolled the speedy trial clock until September 30, 2024 (56 days).  On September 16, 2024, appellant filed a motion for a competency evaluation, which tolled the speedy trial clock until February 25, 2025, when the trial court determined appellant's competence to stand trial (163 days).

{¶21} On February 25, 2025, appellant waived his right to representation by counsel, the trial court appointed standby counsel, and appellant filed a R.C. 2945.71 general time waiver. On March 24, 2025, appellant filed a motion to release Children's Services records, a motion to compel a specific bill of particulars, and a motion for forensic evaluation of the victim.  The trial court denied all three motions on August 13, 2025, tolling 143 days.  However, this tolling overlapped appellant's R.C. 2945.71 waiver, which tolled 228 days until appellant changed his plea on October 10, 2025.  Thus, appellee contends that a total of 514 days should be tolled when calculating speedy trial time.

{¶22} Appellant, however, argues that the 27 days between August 13, 2025, the date the trial court ruled on appellant's three motions, and September 8, 2025, the date appellant filed a motion to sever, did not toll the speedy trial clock.  Although

appellee argues that the February 25, 2025 waiver tolled these 27 days, appellant maintains that the R.C. 2945.71 waiver "was not for an indefinite period."

{¶23} As noted above, the time requirements within which an accused must be brought to trial may be tolled by certain events. R.C. 2945.72. Specifically, the speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). Further, R.C. 2945.72(H) provides that the time within which an accused must be brought to trial may be extended by the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion. Finally, an accused may waive his or her rights to a speedy trial, provided that the waiver is knowingly and voluntarily made. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987), citing *Barker, supra,* 407 U.S. 514. Such a waiver must be in writing or expressly made on the record in open court. *State v. King*, 70 Ohio St.3d 158 (1994), syllabus, citing *O'Brien, supra,* and *State v. Mincy,* 2 Ohio St.3d 6 (1982).

{¶24} We recognize that a time waiver may be limited or unlimited in duration. "[A] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration."

*State v. Kovacek*, 2001 WL 577664, *4 (9th Dist., May 30, 2001), citing *O'Brien, supra,* 34 Ohio St.3d 7, at paragraph two of the syllabus; *State v. Miller*, 2017-Ohio-5728, ¶ 27 (5th Dist.). Once an accused has executed an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *O'Brien*, *supra,* 34 Ohio St.3d 7, at paragraph two of the syllabus; *State v. Battle*, 2010-Ohio-4327, ¶ 77 (5th Dist.); *Miller, id.*

**{¶25}** In the case sub judice, appellant filed a waiver of his speedy trial rights on February 25, 2025. Appellant does not assert his waiver was unknowing or involuntary. Instead, appellant appears to assert that, in spite of the waiver, he nevertheless intended to raise a speedy trial challenge, pointing out that his no-contest plea is evidence of such an intention to appeal the alleged speedy trial violation. However, appellant's February 25, 2025 written waiver exhibits no such limitation: "Now comes defendant and waives time provisions of Ohio Revised Code Section 2945.71 for the purpose of further investigation and trial preparation until the further Order of this Court."

{¶26} After our review in the case at bar, we recognize that appellant filed various motions for continuances and his request for a competency evaluation. These requests, coupled with appellant's plain language of the waiver indicates a waiver of unlimited duration. *See State v. Bray,* 2004-Ohio-1067, ¶ 9 (9th Dist.)("in failing to give a date certain for the beginning and ending points for tolling purposes, the waiver was effective from the date of [the defendant's] arrest and was unlimited in duration."); *Miller*, 2017-Ohio-5728 at ¶ 31 ("[a]ppellee argues various time waivers executed in this case were limited in duration, but we find no evidence in the record to support the assertion."). Thus, we find nothing in the record that supports appellant's contention that he expressly limited his R.C. 2945.71 speedy trial time waiver. Although appellant contends that he made various statements to indicate that he did not wish to waive speedy trial, as appellee points out, both the plain language of the waiver and appellant's continued filings tolled appellant's speedy trial rights. Therefore, as appellee maintains, appellant's time waivers properly tolled speedy trial time until appellant entered his October 10, 2025 no-contest plea.

{¶27} Accordingly, for all the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period set forth in the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.